**MCA RECORDS, INC., Plaintiff,**

v.

**HIGHLAND MUSIC, INC. and Stephen Hawkins, Defendants.**

No. 3:93–0684.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 8, 1993.

Philip Michael Kirkpatrick, Nashville, TN, for plaintiff.

Lawrence Anthony Deas, Goodlettsville, TN, for defendants.

## *MEMORANDUM*

JOHN T. NIXON, Chief Judge.

Pending before the Court is the Motion of Defendant Highland Music, Inc. to Dismiss Complaint or to Quash Motion (Doc. No. 11) and the Motion of Defendant Stephen Hawkins to Dismiss (Doc. No. 12). Upon review of the record and for the reasons stated below, the Court denies the Motion of Defendant Highland Music, Inc. and the Motion of Defendant Stephen Hawkins.

### I. Motion of Defendant Highland Music, Inc.

■ Defendant Highland Music, Inc. ("Highland Music") moves for dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because of insufficient service of process. The Court concludes that Highland Music was properly served under Tennessee Code Annotated Sections 48–15–104(b) and 48–15–105(a). Pursuant to section 48–15–105 of the Tennessee Code, the secretary of state of Tennessee was served process as agent of Highland Music and the complaint and summons were mailed to Stephen Hawkins as incorporator of the defendant company. Such service to Highland Music was valid because the secretary of state is the proper agent for service when a foreign corporation has not filed a certificate of authority to transact business in the state. Tennessee Code Annotated Section 48–15–104(b) provides in part:

> [W]henever a foreign corporation shall transact business or conduct affairs in this

state without first procuring a certificate of authority to do so from the secretary of state, ... then the secretary of state shall be an agent of such corporation upon whom any such process, notice or demand may be served.

According to the summons in this matter, Highland Music has done business in Tennessee without first procuring a certificate of authority to do so. Consequently, Highland Music is bound by the provisions of section 48–15–104(b) and proper service was effected.

In the alternative, Highland Music requests that the plaintiff's motion for a hearing for a temporary restraining order and to set a date for the hearing of the preliminary injunction be quashed. Defendant's request is moot. The Court heard argument upon Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction on September 15, 1993 and granted Plaintiff's motion.

## II.  Motion of Defendant Stephen Hawkins

Defendant Stephen Hawkins ("Hawkins") moves this Court to dismiss this complaint against him because of lack of personal jurisdiction. Hawkins questions both the propriety of jurisdiction as well as the sufficiency of service of process. Hawkins contends that he is not a resident of this district and that he has not engaged in actions in his personal capacity within Tennessee to expose him to the jurisdiction of the court. Moreover, Hawkins argues that he was not properly served process. The Court rules that it has personal jurisdiction over Hawkins and that he was properly served process. Consequently, this action against him is not dismissed.

### A.  Personal Jurisdiction

■ Notwithstanding Hawkins' challenge. that he has not acted in his personal capacity within Tennessee, this Court properly has personal jurisdiction over Hawkins pursuant to subsections (1) and (6) of Tennessee Code Annotated Section 20–2–214(a). Tennessee's long-arm statute provides in part:

Persons who are nonresidents of Tennessee ... who are outside the state and cannot be personally served with process

within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from: (1) The transaction of any business within this state; ... (6) Any basis not inconsistent with the constitution of this state or of the United States.

Tenn.Code Ann. § 20–2–214 (Supp.1993). Hawkins is a nonresident and has transacted business in Tennessee. Thus, he is within the class of persons to which subsection (1) of the long-arm statute applies. The statute implicitly authorizes this Court's personal jurisdiction over nonresidents as to causes of action arising from business conduct within the state. Hawkins need not show that he acted in a personal capacity for this Court to properly assert jurisdiction. On the contrary, it is Hawkins' business conduct which renders the personal, jurisdiction of this Court proper.

■ Hawkins also argues that he should be dismissed because this case concerns alleged wrongdoing by his corporation, Highland Music, and as a corporate officer he is protected from personal liability by the fiduciary shield doctrine. Defendant correctly notes that in general federal courts may not exercise personal jurisdiction over a nonresident officer based on jurisdiction over the corporation or actions done in a corporate capacity. 3A William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations*, § 1296.1 (perm. ed. rev. vol. 1986). Hawkins, however, neglects to recognize the exceptions to this general rule. This Court finds that the fiduciary shield doctrine is unavailable to the Defendant in the present case.

■ Where the forum state's long-arm statute is coextensive with the full reach of due process, the fiduciary shield doctrine is inapplicable. *Id.* (Supp.1992). Tennessee Code Annotated Section 20–2–214 is such a statute. In 1972, the long-arm statute was amended to expand the jurisdiction of Tennessee courts. As a consequence, jurisdiction over nonresidents could be asserted by virtue of "[a]ny basis not inconsistent with the constitution of this state or of the United States." Tenn.Code Ann. § 20–2–214(a)(6) (Supp.1993). Thus amended, the statute be-

came a "minimum contacts" statute which expanded the jurisdiction of Tennessee courts to the full limit allowed by due process. *Masada Inv. Corp. v. Allen,* 697 S.W.2d 332, 334 (Tenn.1985) (citation omitted).

■ The appropriate test for deciding whether this Court has personal jurisdiction over Hawkins is a "minimum contacts" standard, under which the assertion of personal jurisdiction must not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The question before the Tennessee Supreme Court in *Masada* was whether the defendant had sufficient minimum contacts with the state to confer personal jurisdiction. To assess whether the requisite minimum contacts existed, *Masada* considered three primary factors: (i) the quantity of the contacts; (ii) the quality of the contacts; and (iii) the source and connection of the cause of action with those contacts; as well as two lesser factors: (i) the interest of the forum state and (ii) the convenience of the parties. *Masada,* 697 S.W.2d at 334.

■ Applying these factors to the case at hand, this Court finds that the requisite minimum contacts are present and personal jurisdiction over Hawkins is justified. It is unclear whether Hawkins has ever been in Tennessee. The lack of physical contacts, however, will not necessarily defeat personal jurisdiction. *Id.* By conducting business in Tennessee, Hawkins purposefully directed his commercial activities to the citizens of this state. Moreover, the legal dispute at hand is a direct result of his business in Tennessee. Based on these two factors, Hawkins should have reasonably anticipated being brought into court here. The Court finds that the extent of Hawkins' connection with the state coupled with the fact that the litigation arises from his contacts with Tennessee are sufficient reasons to make jurisdiction appropriate. Further, because the alleged wrongdoing occurred in Tennessee, the state has an interest in the outcome of this litigation. As to the possible inconvenience to Hawkins that may result from litigating in Tennessee, it is but one factor to consider. In light of the fact that Hawkins conducted business here and should have anticipated defending his actions in this state's courts, the fact that Hawkins may be inconvenienced does not persuade this Court to deny personal jurisdiction.

### B. Sufficiency of Service of Process

■ With respect to Hawkins' contention that he was not properly served process, this Court rules otherwise. Hawkins argues that as a nonresident, proper service could only be effected by filing the summons with the clerk of the court for service through the secretary of state to be mailed to Hawkins, Tenn.Code Ann. § 20–2–215(a) (1980), or personally serving Hawkins outside of the state. Tenn.Code Ann. § 20–2–217(a) (1980). According to the summons, Richard D. Josaitis, C.P.A., and agent for Hawkins, was served process in Dearborn, Michigan. Pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure, service can properly be made by delivering a copy of the summons and complaint to an agent.

### III. Conclusion

Hawkins' attempts to be dismissed from this action are for naught. He is a proper party in this matter. Even if this Court found that Mr. Hawkins was incorrectly served, pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, this Court could allow any process of service to be amended so that proper service could be made. The amendment of service of process would not result in substantial injustice because Mr. Hawkins was put on notice that he could be served by the fact that he was served process in this case as the incorporator of Highland Music. Moreover, despite Mr. Hawkins' protests, he acceded to the jurisdiction of this Court by appearing at the deposition that took place on September 27, 1993 pursuant to this Court's order.

An Order consistent with the reasoning set forth above is filed contemporaneously.

### *ORDER*

Pending before the Court is the Motion of Defendant Highland Music, Inc. to Dismiss

Complaint or to Quash Motion (Doc. No. 11) and the Motion of Defendant Stephen Hawkins to Dismiss (Doc. No. 12).

In accordance with the contemporaneously filed Memorandum, the Court hereby DENIES the Motion of Highland Music, Inc. to Dismiss Complaint and DENIES as moot the Motion of Highland Music, Inc. to Quash Motion. Further, the Court DENIES the Motion of Stephen Hawkins to Dismiss.